<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PATRICIA SMITH,** | **Civil Action No. 11-4185 (WJM)** |
| **Plaintiff,** | |
| **v.** | |
| **CIRCLE LINE SIGHTSEEING, et al.,** | **OPINION** |
| **Defendants.** | |

<u>F</u>ALK<u>, U.S.M.J.</u>

Before the Court is Defendant Circle Line Sightseeing's motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). <u>See</u> Docket Entry No. 10. The motion is opposed. The Honorable William J. Martini, U.S.D.J., referred the motion to the Undersigned. No oral argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, Defendant's motion to transfer is **granted**.

**BACKGROUND**

On July 26, 2009, Plaintiff, Patricia Smith, was a passenger aboard a cruise ship owned and operated by defendant, Circle Line Sightseeing ("Circle Line"). Circle Line offers a variety of boat tours around the island of Manhattan which showcase New York landmarks such as the Statue of Liberty, Ellis Island, the South Street Seaport and the Brooklyn Bridge.

It is alleged that Plaintiff slipped and fell while walking down a flight of stairs on the cruise ship.

In light of the foregoing, Plaintiff, a New Jersey resident, brought this action against Defendant Circle Line, a New York corporation, asserting a claim of negligence.  This Court's jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332.  Defendant now seeks to transfer this action to the Southern District of New York, arguing that New York is the most appropriate and convenient forum.

## DISCUSSION

### A.       Transfer Pursuant to § 1404(a)

28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of section 1404(a) "is to prevent the waste of 'time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expenses. . . .'" Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 479 (D.N.J. 1993) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The Court is "vested with a large discretion" when deciding whether to transfer a case. See Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

The moving party bears the burden of establishing (1) that the proposed transferee forum is one in which the case "might have been brought," and (2) that, in the interest of justice, the proposed transferee forum is more convenient for the parties and witnesses. See CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc., 309 F.Supp.2d 637, 643 (D.N.J. 2004) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).

B.      **Adequate Transferee Forum**

The transfer statute limits the ability to transfer to a district or division where the case "might have been brought." 28 U.S.C. § 1404(a). Another district is proper if that district would be a proper venue for the action and that forum is capable of asserting subject matter jurisdiction over the claim and personal jurisdiction over the defendants. See Yang v. Odom, 409 F.Supp.2d 599, 604 (D.N.J. 2006).

This case was filed in federal court on the basis of diversity jurisdiction.  It is undisputed that Plaintiff is a resident of New Jersey and Defendant is a resident of New York.  Complete diversity, therefore, exists in both New Jersey and New York.  Moreover, because Defendant is a New York corporation with its principal place of business there,[1] personal jurisdiction is not an issue.  Thus, Plaintiff could have brought this action in the Southern District of New York.

C.      **Convenience and Justice Factors**

"There is no definitive formula or list of the factors to consider when deciding a motion to transfer." Landmark Fin. Corp. v. Fresenus Med. Care Holdings, Inc., No. 09-3689, 2010 WL 715454, at *2 (D.N.J. Mar. 1, 2010).  However, the Third Circuit has articulated certain "public" and "private" interests implicated by § 1404(a). The private interests include: (1) the plaintiff's preferred forum as expressed by the original forum choice; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience and availability of witnesses; and (6) the location of books and records. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

---

[1] (Markou Decl., ¶ 2).

The public interests include: (1) enforceability of the Court's judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the level of congestion in the respective forums; (4) the local interest in deciding local controversies at home; (5) the public policies of the forum; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. These factors are not exhaustive, as "a transfer analysis under Section 1404 is a flexible and individualized analysis which must be made on the unique facts presented in each case." Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 450 (D.N.J. 1999).

### 1.    Private Interests

#### (I)    Where the Claim Arose – The Hub of the Activity

To determine where a claim "arose," it is necessary to look to the district in which "the contacts weigh most heavily." Hitachi Cable Am. Inc. v. Wines, No. 85–4265, 1986 WL 2135, at *4 (D.N.J. Feb.14, 1986)); see also Sharp Elec. Corp. v. Hayman Cash Register Co., 655 F.2d 1228, 1229 (D.C.Cir.1981).

Plaintiff's negligence claim is based upon a slip and fall accident that allegedly occurred while she was onboard a cruise ship owned and operated by the Defendant.  The following factors are undisputed: (1) Plaintiff boarded a cruise ship in New York,[2] (2) the cruise ship sailed along the Hudson River,[3] (3) the cruise ship then returned to the same pier in New York,[4] (4) Plaintiff exited the cruise ship in the state of New York,[5] and (5) Plaintiff was then taken, via ambulance, to a New

---

[2] (Smith Decl., ¶ 4).

[3] (Smith Decl., ¶ 8).

[4] (Smith Decl., ¶ 14).

[5] (Smith Decl., ¶ 14).

York hospital for treatment in connection with the injuries she allegedly sustained while on the cruise.[6]

Plaintiff does not dispute this; rather, Plaintiff speculates that the cruise *may have been* on New Jersey waters at the precise moment when her fall occurred.  Based on the totality of the circumstances, the Court finds that Plaintiff's mere speculation – as to the precise location of the cruise ship on the Hudson River at the specific moment in time when she slipped – does not lead to the reasonable conclusion that Plaintiff's claim arose in New Jersey.  In light of the foregoing, the Court finds that Plaintiff's claim arose in the state of New York. This factor, therefore, weighs in favor of the transfer.

### (ii)    Plaintiff's Choice of Forum

In a section 1404(a) analysis, plaintiff's choice of forum receives some deference, particularly when choosing its home forum. See Sandvik, Inc. v. Continental Ins. Co., 724 F.Supp.303, 307-308 (D.N.J. 1989). However, a plaintiff's forum selection is not dispositive, and courts often transfer cases when the other interests of convenience and justice weigh in favor of the proposed transferee forum. Id. See also American Tel. & Tel. Co. v. MCI Communications Corp., 736 F.Supp.1294, 1306 (D.N.J. 1990).    In particular, courts have given a plaintiff's preference little deference where the chosen forum has little connection to the facts underlying the claims.  See, e.g., Wm. H. McGee & Co., Inc. v. United Arab Shipping Co., 6 F. Supp.2d 283, 290 (D.N.J. 1997) ("[D]eference is curbed when a plaintiff's choice of forum has little connection with the operative facts of the lawsuit."); Kelly-Brown v. Winfrey, 2011 WL 5325596, at *3 (D.N.J. Nov. 3, 2011).

---

[6] (Smith Decl., ¶¶ 12-14).

As previously stated, Plaintiff's negligence claim arose in New York. Because the operative facts of this lawsuit took place in the state of New York, Plaintiff's choice of forum will be afforded little deference. See, e.g., Ortiz v. Standard & Poor's, 2010 WL 4687879, at *2 (D.N.J. Nov. 10, 2010) ("Based on the fact that all of the events took place in the Southern District of New York, and that the only connection to New Jersey is Plaintiff's residence, the Court finds that even giving deference to Plaintiff's preference is not sufficient to avoid the transfer that Defendants seek.").

### (iii) Location of Books and Records

The "location of books and records" does not tip the scale in either direction because Plaintiff's medical records are located in New Jersey (Smith Decl., ¶ 15), while Defendant's books and records – including the underlying incident report – are maintained at its offices at Pier 83 in New York. (Markou Decl., ¶ 6). See Jumara, 55 F.3d at 879.

### (iv) Convenience of the Parties and Availability of Witnesses

The convenience of witnesses is an important consideration in the transfer analysis. See Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp. 2d 321, 331 (D. Del. 2009). "When considering a motion to transfer, the [Third] Circuit distinguishes between party and non-party witnesses." Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518 (D.N.J. 2000) (citing Jumara, 55 F.3d at 879). Party witnesses carry less weight because they are presumed to be willing to testify in either forum, even if inconvenient. Id. at 534 n. 19. On the other hand, non-party witnesses may be compelled to attend only by the subpoena power of federal courts. See Fed.R.Civ.P. 45(b)(2). The availability of compulsory process to compel the attendance of non-

party witnesses has been referred to as the most important transfer factor. Teleconference Sys., 676 F.Supp.3d at 331.

Defendant has identified a number of non-party witnesses expected to testify, all of whom remain employed by Defendant at its corporate headquarters in Manhattan: Keith Poissant, the vessel captain; crew members Richard Redmond, Sandy Chang, Christopher Smith and Bruce Alexander; and Alex Vasquez, the Security Officer who prepared the incident report concerning Plaintiff's fall. (Markou Decl., ¶ 5).

By contrast, Plaintiff – although arguing generally that "a large number of the guests of the party are residents of East Orange, New Jersey"[7] – has failed to identify a single potential non-party witness.  Nor does Plaintiff provide any factual or legal basis in support of her statement that "it is anticipated that the bulk of the depositions will be required to take place in New Jersey."  In short, Plaintiff does not effectively argue that it cannot proceed in New York or that it will be burdened by doing so.   These factors, therefore, weigh in favor of transfer.


> ## 2.     Public Factors

New Jersey has no real public interest in hosting this dispute.  The operative facts of this case make clear that the overwhelming public interest in this case is in New York.  Plaintiff boarded a cruise ship in New York, the cruise sailed along the Hudson River, the cruise then returned to the same pier in New York, Plaintiff exited the cruise in the state of New York, and Plaintiff was then taken to a New York hospital for treatment in connection with the injuries she allegedly sustained while on the cruise.  Defendant is a New York corporation that conducts 100% of its business in the

---

[7] (Pl. Opp'n Br. at 7).

state of New York.  (Markou Decl., ¶ 3).   It is clear that New York has a substantially greater interest in the disposition of this case than New Jersey. See, e.g., Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir.1988); Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 526 (D.N.J.1998).

Moreover, absent an identified public interest in this forum, courts should not impose jury duty on the citizens of New Jersey. See Ferens v. John Deere Co., 494 U.S. 516, 529–30, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) ("Jury duty is a burden that ought not to be imposed upon the people of the community with no connection to the litigation."); see also Tuoni v. Electronic Device Discovery, Inc., No. 10–2235, 2010 WL 5441656, at *6 (D.N.J. Dec.23, 2010).

Lastly, to the extent Plaintiff prevails on her negligence claim, presumably it would be easier for her to enforce a judgment against the Defendant in the state in which its corporate assets and employees are located – New York.  Thus, the public interest factors also weigh in favor of a transfer.


**D.**      **Summary**

Understandably, each side would find it more convenient to litigate in their home state. Plaintiff resides in New Jersey.  This is clearly the reason why Plaintiff has selected this forum and this is the only real connection between the claim at issue and the state of New Jersey. Notwithstanding Plaintiff's preference, Defendant has demonstrated, based on the totality of the circumstances, that New York is the most appropriate and convenient forum to litigate this action.

**CONCLUSION**

For the reasons stated above, Defendant's motion to transfer is **granted**. An appropriate

Order accompanies this Opinion. The Clerk's Office shall take no action on transfer of this case for

14 days. See L.Civ.R. 72.1(c)(1)(C).


**Dated:  April 26, 2012**


                                       /s/ Mark Falk
                                       **MARK FALK**
                                       **United States Magistrate Judge**


Orig.:  Clerk of the Court
cc:       Hon. William J. Martini, U.S.D.J.
           All Parties